BRYAN SELLS
LAUGHLIN MCDONALD
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303
(404) 523-2721
(404) 653-0331 (fax)
bsells@aclu.org
lmcdonald@aclu.org

ELIZABETH L. GRIFFING
American Civil Liberties Union
    of Montana Foundation, Inc.
241 E. Alder, Ste. B
P.O. Box 9138
Missoula, MT 59802
(406) 830-3009
betsyg@aclumontana.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEVE KELLY and CLARICE DREYER,<br><br>  Plaintiffs,<br><br>  v.<br><br>BRAD JOHNSON, in his official capacity as Secretary of State of the State of Montana,<br><br>  Defendant. | Civil Action No. CV-08-25-BU-SEH |

**VERIFIED COMPLAINT**

**Nature of the Case**

1.  This is an action under 42 U.S.C. § 1983 to enforce rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the

United States Constitution. At issue is Montana's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election. The plaintiffs seek declaratory and injunctive relief prohibiting the defendants from enforcing the unconstitutional ballot-access scheme.

## Jurisdiction and Venue

2.  This Court has original jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

3.  This suit is authorized by 42 U.S.C. § 1983.

4.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5.  Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391(b).

## Parties

6.  Plaintiff Steve Kelly is a United States citizen and a resident of the State of Montana.

7.  He is a resident and registered voter in Gallatin County, Montana.

8.  He ran for Congress as an independent candidate in 1994 and desires to run as an independent or minor-party candidate for United States Senate this year.

9.  Plaintiff Clarice Dreyer is a United States citizen and a resident of the State of Montana.

10. She is a resident and registered voter in Gallatin County, Montana.

11. She would like to have the opportunity to vote for Steve Kelly in the November general election.

12. Defendant Brad Johnson is the Secretary of State of the State of Montana and is charged by statute with enforcing Montana's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election.

13. He is sued in his official capacity only.

**Factual Background**

14. Montana law creates a two-tiered ballot-access scheme for candidates seeking to run for non-presidential offices: one for qualified parties and one for independent and minor-party candidates.

15. A qualified party is any party that had a candidate for statewide office who met a certain vote threshold in either of the last two general elections or that submitted a party-qualifying petition meeting the requirements of Mont. Code. Ann. § 13-10-601.

16. Qualified parties nominate their candidates by primary election, and their nominees appear automatically on the general-election ballot.

17. In order to appear on the primary-election ballot, candidates seeking the nomination of a qualified party need only to submit a declaration for nomination and pay the filing fee prescribed by Mont. Code Ann. § 13-10-202.

18. The declaration-for-nomination form does not require the candidate to collect or submit any petition signatures.

19. The form is due 75 days before the primary election at which the candidate seeks to appear on the ballot. Mont. Code Ann. § 13-10-201.

20. Independent and minor-party candidates, on the other hand, appear on the general-election ballot only if the candidate or party submits a nominating petition meeting the requirements of Mont. Code Ann. §§ 13-10-501 through -503 and pays the filing fee prescribed by Mont. Code Ann. § 13-10-202.

21. Nominating petitions must contain the signatures of at least 5% of the total votes cast for the successful candidate for the same office in the last general election. Mont. Code Ann. § 13-10-502.

22. Nominating petitions for independent and minor-party candidates seeking to appear on the general-election ballot are due 75 days before the date of the primary election for qualified parties.  Mont. Code Ann. § 13-10-503.

23. This year, the deadline for nominating petitions was March 20, 2008 – exactly 229 days before the general election.

24. The number of signatures required for independent and minor-party candidates for United States Senate in 2008 is 9,993, and the filing fee is $1,693.00.

25. The Montana Legislature amended the ballot-access scheme for independent and minor-party candidates at the Legislature's regular session in 2007.

26. Prior to the 2007 amendment, the nominating petition deadline was the first Monday in June and no filing fee was required.

27. This is the first year in which the new ballot-access scheme has applied to a statewide general election.

28. The new ballot-access scheme for independent and minor-party candidates requires potential candidates to decide whether to run before the potential nominees of qualified parties are known.

29. The new ballot-access scheme for independent and minor-party candidates effectively requires potential candidates or parties to collect a large number of signatures during the often-harsh Montana winter.

30. Montana's ballot-access scheme imposes severe and unjustified burdens on independent and minor-party candidates seeking to have their names appear on the general election ballot.

31. Montana's ballot-access scheme imposes severe and unjustified burdens on voters who wish to vote for independent and minor-party candidates in the general election.

## Claim One

32. Montana's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the general election

5

violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983.

## Relief

33. A real and actual controversy exists between the parties.

34. The plaintiffs have no adequate remedy at law other than this action for declaratory and injunctive relief.

35. The plaintiffs are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

WHEREFORE, the plaintiffs respectfully pray that this Court:

    (1) take original jurisdiction over this case;

    (2) enter a declaratory judgment that Montana's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election violates rights guaranteed to the plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced by 42 U.S.C. § 1983;

    (3) enjoin the defendants from enforcing Montana's ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election;

    (5) award the plaintiffs nominal damages;

(6) award the plaintiffs the cost of this action together with their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(7) retain jurisdiction of this action and grant the plaintiffs any further relief which may in the discretion of this Court be necessary and proper.

Respectfully submitted,

*Elizabeth L. Griffing*
ELIZABETH L. GRIFFING
American Civil Liberties Union
    of Montana Foundation, Inc.
P.O. Box 9138
241 E. Alder, Ste B.
Missoula, MT 59801
(406) 830-3009
betsyg@aclumontana.org

**VERIFICATION OF COMPLAINT**

I, Steve Kelly, verify, under penalty of perjury that the foregoing complaint is true to the best of my knowledge, information and belief.

Executed on March 27, 2008.

*Steve Kelly*
Steve Kelly