BRYAN SELLS
LAUGHLIN MCDONALD
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303
(404) 523-2721
(404) 653-0331 (fax)
bsells@aclu.org
lmcdonald@aclu.org

ELIZABETH L. GRIFFING
American Civil Liberties Union
        of Montana Foundation, Inc.
241 E. Alder, Ste. B
P.O. Box 9138
Missoula, MT 59802
(406) 830-3009
betsyg@aclumontana.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEVE KELLY and CLARICE DREYER, )<br><br>    Plaintiffs, )<br><br>        v. )<br><br>BRAD JOHNSON, in his official capacity as )<br>Secretary of State of the State of Montana, )<br><br>    Defendant. )<br>_____ ) | Case No. 2:08-cv-25-SEH |

## PLAINTIFS' PROPOSED STIPULATIONS OF FACT

1.    This action arises under the Constitution and laws of the United States.

1

2.     The plaintiffs brought this action to redress the alleged deprivation, under color of State law, of rights secured by the Constitution of the United States.

3.     Plaintiff Steve Kelly is a United States citizen and a resident of the State of Montana.  He is a resident and registered voter in Gallatin County, Montana.  He wants to run as an independent candidate for United States Senate this year. He meets the age and residency requirements to hold that office.

4.     Plaintiff Clarice Dreyer is a United States citizen and a resident of the State of Montana.  She is a resident and registered voter in Gallatin County, Montana. She is a political supporter of Steve Kelly and wants him to appear on the general election ballot.

5.     Defendant Brad Johnson is the Secretary of State of the State of Montana and is charged by statute with enforcing Montana=s ballot-access scheme for independent and minor-party candidates seeking to run for non-presidential offices in the November general election.  He is sued in his official capacity only.

6.     Montana enacted its first ballot-access law for independent candidates in 1889.  1889 Mont. Laws 135.  Under that statute, an independent candidate for non-presidential statewide offices could get on the ballot by submitted a petition containing the signatures of at least 100 eligible voters 30 days before the general election.  There was no filing fee.

7.     An 1895 statute raised the signature requirement from 100 signatures to 5% of the total votes cast for the successful candidate for the same office in the last general election. *See* Montana Constitution, Codes & Statutes 1895, part 3, title 2, ch. 8, sec. 1313, p. 106. The

deadline was 30 days before the general election, and there was no filing fee.  This signature requirement remains in effect today.

8.      In 1949, the Legislature moved the petition filing deadline for independent candidates to 90 days before the general election, which falls in early August. 1949 Mont. Laws Ch. 160.

9.      In 1973, the Legislature moved the petition filing deadline for independent candidates to March, one week before the filing deadline for June party primary election.  1973 Mont. Laws Ch. 237.  There was still no filing fee.

10.      In 1979, the Legislature imposed a filing fee equal to 1% of the annual salary of the office sought.  1979 Mont. Laws Ch. 571.

11.      In 1991, the Legislature moved the petition filing deadline for independent candidates to June, one week before the day of the June primary.  1991 Mont. Laws Ch. 591.

12.      The Legislature last amended the ballot-access scheme in 2007.  2007 Mont. Laws Ch. 458.  The Legislature once again moved the petition filing deadline to March, one week before the filing deadline for the June party primary election.  Mont. Code Ann. ' 13-10-503. The 5% signature requirement and filing fee remained. Mont. Code Ann. ' 13-10-502.

13.      The filing fee is mandatory unless the candidate files a verified statement that he or she is unable to pay the fee and files a petition containing signatures from eligible voters numbering 5% of the total votes cast for the successful candidate for the same office in the last general election. Mont. Code Ann. ' 13-10-203. The deadline for filing the petition in lieu of the filing fee is four weeks prior to the filing deadline for non-indigent candidates – a full five weeks before the filing deadline for the June party primary election.  Mont. Code Ann. ' 13-27-303. The four week deadline allows county election officials to verify the signatures on the petition

3

supporting waiver of the fee prior to the filing deadline. This allows the candidate to know prior to the filing deadline whether the waiver of the filing fee will be approved.

14.    All petitions must be submitted to the election official of the county where each petition-signer resides. Mont. Code Ann. ' 13-10-503.   Residents of Lewis and Clark County have to sign a Lewis and Clark County petition, for example, and residents of Cascade County have to sign a Cascade County petition. A statewide candidate therefore has to have at least one set of petitions for each county in which the candidate gathers signatures.

15.    For the office of U.S. Senator in 2008, Montana's ballot-access scheme for independent candidates required plaintiff Kelly to submit petitions containing at least 10,243 valid signatures on March 13, 2008 – 236 days before the November 4 general election at which Kelly sought to appear on the ballot. The filing fee, due on March 20, was $1,693.

16.    Montana's ballot-access scheme for candidates affiliated with qualified political parties, by contrast, does not require the candidate to submit any signatures.

17.    A qualified party is any party that had a candidate for statewide office who met a certain vote threshold in either of the last two general elections or that submitted a party-qualifying petition containing at least 5,000 valid signatures from registered voters in at least one-third of Montana's legislative districts. Mont. Code. Ann. ' 13-10-601.

18.    Qualified parties nominate their candidates by primary election to which independent and minor party candidates are not subject, and their nominees appear automatically on the general-election ballot. In order to appear on the primary-election ballot, candidates need only to submit a declaration for nomination and pay the filing fee. The declaration-for-nomination form does not require the candidate to collect or submit any petition signatures, and

the form is due 75 days before the primary election at which the candidate seeks to appear on the ballot. Mont. Code Ann. ' 13-10-201.

19.     For the office of U.S. Senator in 2008, candidates seeking the nomination of a qualified political party were required to file a declaration-of-nomination form, along with a filing fee of $1,693, on March 20, 2008 – 75 days before the June primary election at which the candidates sought to appear on the ballot. The candidates were not required to submit any petition signatures.

20.     Montana ranks in the bottom quartile on state-by-state measures of personal income. According to the Census Bureau's 2007 American Community Survey, Montana's median household income of $43,531 ranks 40th out of the 51 states plus the District of Columbia. Montana's median family income ranks 41st.

21.     The Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 42 U.S.C. § 1973ff *et seq.*, requires all states to allow certain U.S. citizens to register and vote by absentee ballot in federal elections. The UOCAVA does not contain a deadline by which absentee ballots must be sent to voters who qualify under the Act.

22.     The UOCAVA also provides for a "back-up" ballot, called the Federal Write-In Absence Ballot (FWAB), which can be used by citizens covered by the Act in federal general elections. 42 U.S.C. § 1973ff-2. Eligible voters can download FWABs from the Internet at any time and can vote by writing in the name of the candidates or party for whom the voters wish to cast their ballot.

23.     Montana law allows UOCAVA voters to submit their ballots by mail, fax, or Internet if the required equipment is available. Mont. Code Ann. ' 13-21-207.

24.    In 2006, a total of 1,121 UOCAVA ballots were cast in Montana, including 26 FWABs.

25.    Montana law requires election officials to ensure that absentee ballots for federal elections be printed at least 45 days before the election. Mont. Code Ann. ' 13-13-205. In 2008, that deadline is Friday, September 19.

26.    Montana law requires election officials to begin mailing absentee ballots to UOCAVA voters as soon as they are printed. Mont. Code Ann. ' 13-21-210(4).

27.    Absentee ballots *may not be provided* to other voters sooner than 30 days before the election. Mont. Admin. R. 44.3.2401(6)(c). In 2008, that date is Monday, October 6.

28.    Nothing in Montana law prohibits election officials from reprinting absentee or in-person ballots in the event of an error or judicial order. In fact, Montana law expressly authorizes election officials to correct ballots when necessary if an appointment is made to replace a candidate or if a candidate for Lieutenant Governor is moved up to Governor. Mont. Code Ann. ' 13-12-204.

Dated this 19th day of September, 2008.

MIKE McGRATH
Montana Attorney General
CHRIS TWEETEN
Chief Civil Counsel
ANTHONY JOHNSTONE
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

By: _____
CHRIS D. TWEETEN

6

Chief Civil Counsel

AMERICAN CIVIL LIBERTIES UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, GA 30303

By: _____
BRYAN SELLS

AMERICAN CIVIL LIBERTIES UNION OF MONTANA FOUNDATION, INC.
241 East Alter, Suite. B
P.O. Box 9138
Missoula, MT 59802-9138

By: _____
ELIZABETH L. GRIFFING

8