MIKE McGRATH
Montana Attorney General
CHRIS D. TWEETEN
Chief Civil Counsel
ANTHONY JOHNSTONE
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Telephone:  (406) 444-2026
Fax:  (406) 444-3549

COUNSEL FOR DEFENDANT
  SECRETARY OF STATE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| STEVE KELLY and CLARICE DREYER, Plaintiffs, v. BRAD JOHNSON, in his official capacity as Secretary of State of the State of Montana, Defendant. | Cause No. CV-08-25-BU-SEH **DEFENDANT'S SUPPLEMENTAL BRIEF** |
|---|---|

As permitted by the Court's order during the September 19, 2008 hearing,

Defendant Secretary of State submits the following supplemental brief.

## I.   PLAINTIFF HAS FAILED TO DEMONSTRATE HIS STANDING TO SUE.

Plaintiff (hereafter "Kelly") makes three fallacious arguments in support of his

position.  First, he strings together a group of citations holding that a candidate need not

submit signatures in order to challenge a ballot access scheme. The string citations on pages 2 and 3 of the brief are essentially useless in this case, however, because none of them grapples with the argument presented here and none cites, let alone distinguishes, Renne v. Geary, 501 U.S. 312 (1992)'s holding that an independent statutory bar to the relief plaintiff seeks deprives him of standing).

Plaintiff's citation to McCarthy v. Briscoe, 429 U.S. 1317 (1976), fails to note that the case was an in-chambers decision by Circuit Justice Powell. Such a decision does not constitute a ruling by the full court on the merits. Thus, the statement that "the Supreme Court has rejected" Defendant's argument is both incorrect and misleading.

Plaintiff second argues, without citation of authority, that he could not have challenged the pre-2007 ballot access scheme because "such a challenge would be unripe." He asserts that he could not have filed petitions after the March deadline because the Defendant would have been bound by the post-2007 law to reject them. In a number of the cases Kelly cites, including Anderson v. Celebrezze, 460 U.S. 780 (1983), and Nader v. Keith, 385 F.3d 729 (7th Cir. 2004), the plaintiffs did precisely what Kelly claims could not be done. And, Kelly ignores the fact that if he had filed a petition with sufficient signatures prior to the date of the primary, there is no reason he could not have filed the instant motion the day after the primary, seeking an injunction to compel Defendant to accept his petitions and place him on the ballot.

Plaintiff's third argument is that he challenges the ballot access scheme as a whole, and it is not clear that the scheme would have survived even if he had standing. However, the burden of persuasion with respect to this motion is on Kelly. If there is a

lack of clarity about the effect of his motion, it was his burden to clarify it.  His failure to address the issue does not excuse him.

## II.   ANDERSON IS DISTINGUISHABLE.

Plaintiff's assertion that <u>Anderson v. Celebrezze</u> is indistinguishable from the present case is simply wrong.  <u>Anderson</u> involved a ruling on the merits, not a motion for preliminary injunction.  As noted in Defendant's brief, because Kelly compares apples and oranges (or some other kind of fruit altogether) it impossible for him to say that the Ohio ballot access scheme is more onerous, considering all of its parts, than Montana's.

Plaintiff arguments regarding this issue mirror in many respects his mistake discussed above of asserting that the absence of something supports his motion.  The fact that "there is nothing in <u>Anderson</u> to suggest" that some of the States arguments are fore-shadowed by <u>Anderson</u> is irrelevant.

In connection with this argument <u>Kelly</u> asserts that there is a difference between third-party access and independent access that is somehow material.  This argument contradicts the allegations of his Complaint at ¶ 32, and his opening brief on the present motion,  <u>e.g</u>. Plaintiffs' Brief at 2 ("Montana's ballot-access scheme for independent *and third-party* candidates is the most burdensome in the nation.") (emphasis added), which lump the two together without such a distinction.

Finally, Kelly argues that he was ignorant of the identity of the candidates for United States Senate in time to start a petition drive.  This ignores Kelly's own testimony that he had decided to run late in 2007.  He can hardly be heard to argue now that he was awaiting the March filing deadline to decide whether to run.

As a general matter, <u>Anderson</u> may be helpful in resolving this case.  But, in light of the case's own warning that ballot access schemes must be evaluated individually, Kelly is clearly wrong to suggest that it is controlling here.

## III. WHATEVER ELSE KELLY MAY HAVE SHOWN, HE HAS FAILED TO SHOW THAT THE BALANCE OF HARDSHIPS TIPS IN HIS FAVOR.

Kelly's now asserts emphatically that he is "not asking this Court to delay the delivery of absentee ballots to UOCAVA voters."  Given the nature of the injury he alleges here, this last-minute shift in argument makes no sense.  Neither his Complaint nor the present motion asserts that there is some difference between UOCAVA voters and others voters. In addition, he alleges that he brings this action in part to vindicate the right of voters to vote. Plaintiffs' Brief at 6 (arguing that Montana's ballot access scheme violates "'the right of qualified voters …to cast their votes effectively.'" (<u>quoting</u> <u>Williams v. Rhodes</u>, 393 (U.S. 23, 30-31 (1968). Apparently, though, he thinks that UOCAVA voters need not have that right.  Indeed, he thinks that Montana should have two sets of general election ballots, one for UOCAVA voters and another for everybody else.  Needless to say, none of the cases he cites support the idea that a fringe candidate has a right to put his name before some voters but not all, nor that the constitutional right he seeks to vindicate in this case is less important to UOCAVA voters than it is to anyone else.

The cases Kelly cites are easily distinguishable.  <u>Norman v. Reed</u>, 502 U.S. 279 (1992), and <u>Hadnott v. Amos</u>, 394 U.S. 358 (1969), did not even involve the issues of

reprinting ballots.[1]  McCarthy, as noted above, was an in-chambers opinion of a Circuit Justice, and therefore is not binding precedent for anything.

The Seventh Circuit Court of Appeals recognized in Nader v. Keith, 385 F. 3d 729, 737 (7th Cir. 2004), that late filed preliminary injunction motions, even those supported by some plausible showing of probable success on the merits, should be denied where the relief granted would impair the rights of innocent third parties, here the voters of Montana. Such prejudice was established by the testimony of Lisa Kimmet at the hearing.

Kelly's may have filed his complaint in April, but the present motion was not filed until late August, and he did not act diligently in moving the motion forward.  He has shown no good reason why he could not have filed the present motion with his complaint, or at least early enough to obviate the questions as to the equity of the relief he seeks. For these reasons, and those stated in Defendant's brief in response to the motion, Kelly's motion for preliminary injunction should be denied.

Respectfully submitted this 22nd day of _____, 2008.

        MIKE McGRATH
        Montana Attorney General
        215 North Sanders
        P.O. Box 201401
        Helena, MT 59620-1401

By: */s/ Chris D. Tweeten*
    CHRIS D. TWEETEN
    Assistant Attorney General

---

[1] The opinion in Davis v. Adams, does not appear at 400 U.S. 1203.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2008, an accurate copy of the foregoing Defendant's Supplemental Brief was served on the following persons by the following means:

 1, 2, 3      CM/ECF

        1     Clerk, U.S. District Court

        2     Mr. Bryan Sells
                 Mr. Laughlin McDonald
                 American Civil Liberties Union Foundation, Inc.
                 2600 Marquis One Tower
                 245 Peachtree Center Avenue, NE
                 Atlanta, GA 30303

        3     Ms. Elizabeth L. Griffing
                 American Civil Liberties Union of Montana Foundation, Inc.
                 241 East Alter, Suite. B
                 P.O. Box 9138
                 Missoula, MT 59802-9138

DATED:  August 27, 2008              */s/ Chris D. Tweeten*
                                                          CHRIS D. TWEETEN
                                                          Assistant Attorney General
                                                          215 North Sanders
                                                          P.O. Box 201401
                                                          Helena, MT 59620-1401