BRYAN SELLS
LAUGHLIN MCDONALD
American Civil Liberties Union Foundation, Inc.
230 Peachtree Street NW, Suite 1440
Atlanta, GA 30303
(404) 523-2721
(404) 653-0331 (fax)
bsells@aclu.org
lmcdonald@aclu.org

ELIZABETH L. GRIFFING
JENNIFER A. GIUTTARI
American Civil Liberties Union
   of Montana Foundation, Inc.
241 E. Alder, Ste. B
P.O. Box 9138
Missoula, MT 59802
(406) 830-3009
betsyg@aclumontana.org
jeng@aclumontana.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| STEVE KELLY and CLARICE DREYER, <br>    Plaintiffs, <br><br>       v. <br><br> LINDA McCULLOCH, in her official capacity as Secretary of State of the State of Montana, <br>    Defendant. | Civil No. CV-08-25-BU-SEH |

**PLAINTIFFS' SURREPLY BRIEF**

The plaintiffs respectfully submit this surreply to the defendant's reply brief filed June 5, 2009. In her brief, the defendant relies on *Block v. Mollis*, ___ F. Supp. 2d ___, 2009 WL 1507536 (D.R.I. May 29, 2009), a case decided on May 29, one week after the plaintiffs filed their final brief on the parties' cross motions for summary judgment. This surreply is limited to discussion of that case and the defendant's use of the case in her reply brief.

**I.    *Block* was a successful challenge to a less onerous statute.**

In *Block*, the newly-formed Moderate Party of Rhode Island challenged Rhode Island's party-qualification statute. *See id.* at *1. To become a party under that statute, a political organization had to submit a petition containing the signatures of voters equal in number to 5% of the votes cast in the last preceding election for governor or president. *See id.* at *2. All signatures had to be collected after January 1 of the election year and submitted by August 1 of the election year. *See id.* at *2. The statute dated back

2

to 1994, and no party had yet qualified under its provisions. *See id.* at *2. The *Block* plaintiffs challenged the start date and signature requirements separately and in tandem. *See id.* at *3.

The district court struck down the January 1 start date, concluding that "the State has come forward with no legitimate regulatory interest whatsoever that would necessitate placing this enormous speed-bump on the path to party recognition." *Id.* at *6. The court upheld the signature requirement, however, finding that collecting approximately 23,500 signatures by August 1 was a "modest" burden for a fledgling political organization in Rhode Island. *Id.* at *5. And, addressing the two provisions in tandem, the court concluded that the modest burden of the signature requirement could not save the unjustified start date. *See id.* at *9.

Having considered the merits, the court then turned to the question of remedy. The court first determined that the start-date provision was severable from the rest of the statute. *See id.* at *10. The court then issued declaratory relief and enjoined the enforcement of that start date. *See id.* at *10.

*Block* is instructive here insofar as it struck down part of a party-recognition scheme that, in the aggregate, appears to be much less burdensome than Montana's ballot-access scheme for independent candidates.  Although the percentage and total number of signatures required under Rhode Island's scheme is somewhat higher than the number required of an individual candidate in Montana, Rhode Island's late deadline and higher population density[1] more than make up the difference.  An August 1 deadline in Montana would allow candidates to collect signatures at the polls during school board and party-primary elections and at the many outdoor events held during the summer where large numbers of people congregate.  Rhode Island's population density, moreover, means that petition-circulators did not have to go far to find large numbers of voters.

---

[1] According to 2007 estimates published by the Census Bureau, Rhode Island is the second-most densely populated state in the nation, with more than 1,012 persons per square mile.  Montana is the third-least densely populated state, with only 6.6 persons per square mile.  *See* http://en.wikipedia.org/wiki/List_of_U.S._states_by_population_density

Neither side in this case is claiming that *Block* is directly on point. Its facts are sufficiently distinguishable that it would not be controlling here even if issued by the Ninth Circuit. But to the extent that *Block* is helpful at all, it clearly supports the plaintiffs.

## II. The *Block* court did not reject the plaintiffs' claims.

The defendant asserts in her brief that the district court in *Block* "rejected" a claim that Rhode Island's party recognition scheme is one of the most stringent in the country. The court did no such thing.

The plaintiffs' challenge in *Block* was successful. The portion of the opinion on which the defendant relies is a rejection of Rhode Island's argument that the court should uphold the start-date provision because the start-date and signature requirement were not unduly burdensome when considered together. *Block* says precisely the opposite of what the defendant says it says.

Moreover, *Block* did not reject 5,000 signatures as a constitutional ceiling, as the defendant claims in her brief. *Block* affirmed a 5% signature requirement for party recognition as long

5

as that requirement comes with an August 1 deadline.  A 5% requirement with an early August deadline is much different, and less burdensome, than a 5% signature requirement with an early March deadline.

## CONCLUSION

The Court should not considered *Block* for the principle cited by the Defendant.

Respectfully submitted,

   /s/Elizabeth L. Griffing   
ELIZABETH L. GRIFFING
JENNIFER GIUTTARI
American Civil Liberties Union
     of Montana Foundation, Inc.
P.O. Box 9138
241 E. Alder, Ste B.
Missoula, MT 59801
(406) 830-3009
betsyg@aclumontana.org
jeng@aclumontana.org

/s/ Bryan Sells
BRYAN SELLS
LAUGHLIN McDONALD
American Civil Liberties Union
    Foundation, Inc.
Suite 1440
230 Peachtree Street, NW
Atlanta, GA 30303
(404) 523-2721
bsells@aclu.org