

FILED

2010 FEB 3 AM 11 32

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| STEVE KELLY AND CLARICE DREYER,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>LINDA McCULLOCH, in her official capacity as Secretary of State of the State of Montana,<br><br>　　　　　　Defendant. | No. CV-08-25-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## INTRODUCTION

Plaintiffs, Steve Kelly (Kelly) and Clarice Dreyer (Dreyer), brought this action challenging the constitutionality of Montana's ballot-access program for independent and minority party candidates.[1] The Complaint alleged Kelly is a registered Montana voter who "desires to run as an independent or minor-party candidate for United States Senate" in the 2008 general election, and that Dreyer is

---

[1] Mont. Code Ann. §§ 13-10-501, 502 and 503, and §§ 13-10-201 and 202

a registered Montana voter who "would like to have the opportunity to vote for . . . Kelly." See Verified Compl. at 2-3 (April 8, 2008). Defendant, Linda McCulloch, is Montana's Secretary of State. Jurisdiction is claimed under 28 U.S.C. §§ 1331 and 1343.

Plaintiffs' motion for preliminary injunction to prohibit enforcement of the program for the 2008 general election was denied by Order of October 9, 2008, following an expedited hearing held on September 19, 2008. Cross-motions for summary judgment with supporting papers have since been filed on behalf of all parties. The matter is now submitted for resolution on the merits.

## BACKGROUND

Montana law requires an independent candidate for public office file a petition for nomination containing certain specified information in a form prescribed by the Secretary of State, (Mont. Code Ann. § 13-10-501); that the petition be supported by the signatures of qualified electors of 5% or more of the total vote cast for the successful candidate for the same office at the last general election, (Mont. Code Ann. § 13-10-502(2)); that the petition be filed no later than 75 days before the date of the primary election, (Mont. Code Ann. §§ 13-10-503(2) and 13-10-201(6)); and that the petition be accompanied by the required filing fee, (Mont. Code Ann. §§ 13-10-201(3) and 13-10-202(3)). Plaintiffs

contend the cumulative effect of the statutory program imposed an unconstitutional burden on Kelly's efforts to run for the United States Senate as an independent candidate and upon Dreyer's desire to vote for him in that capacity. Plaintiffs request the Court declare the program to be unconstitutional, and to enjoin its enforcement. Nominal damages and attorneys' fees also are sought under 28 U.S.C. §§ 1343(a)(4), 2201 and 2202. Defendant asserts both jurisdictional and merit challenges to the claims.

## DISCUSSION

Defendant claims, *inter alia*, that each Plaintiff lacks standing to invoke federal jurisdiction. The position in well taken. Federal jurisdiction is not present.

Federal court jurisdiction extends only to actual cases and controversies. U.S. Const. Art. III, § 2. Standing is a threshold element of subject matter jurisdiction. Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 700 (9th Cir. 1992). Only persons with requisite standing may invoke jurisdiction. Whitmore v. Arkansas, 495 U.S. 149, 155-56 (1990).

Standing has three components: (1) the plaintiff must have suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent; (2) the injury must be fairly traceable to actions of the defendant; and (3) the requested relief must be likely to address the alleged injury. Friends of the Earth,

Inc. v. Laidlaw Envtl. Serv. (TOC), Inc., 528 U.S. 167, 180-81 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). These requirements ensure that a plaintiff has a personal stake or interest in the outcome of the proceeding sufficient to warrant invocation of federal jurisdiction. Belitskus v. Pizzingrilli, 343 F.3d 632, 639-40 (3rd Cir. 2003). Absence of any component defeats jurisdiction.

A plaintiff, as the party invoking federal jurisdiction, has the burden of proof as to the existence of standing. Lujan, 504 U.S. at 561; Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). The presence or absence of standing must be determined by facts in existence at the time the complaint is filed. Friends of the Earth, Inc., 528 U.S. at 170; Lujan, 504 U.S. at 569, n. 4.

"Injury in fact" requires a showing of a real and immediate injury that is personal to the plaintiff. Lujan, 504 U.S. at 560 n. 1; Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 (9th Cir. 2002). A plaintiff challenging a statute as unconstitutional, must show that he or she has sustained, or is in immediate danger of sustaining, some direct and personal injury as a result of the enforcement of statute. Wasson v. Bradbury, 2007 WL 1795997 *1 (D. Or. 2007), *aff'd in part and rev'd in part sub nom.* Wasson v. Brown, 316 Fed. Appx. 663 (9th Cir. 2009)(unpublished); Lewis v. Cont'l Bank Corp., 494 U.S. 472, 479

(1990). A plaintiff has no standing to challenge the constitutionality of a statute on grounds it may conceivably be applied unconstitutionally to him or her or others in the future. Wasson, 2007 WL 1795997 at *1; New York v. Ferber, 458 U.S. 747, 767-68 (1982).

Standing is to be determined as of the date of filing of the Complaint (April 8, 2008). Lujan, 504 U.S. at 569, n. 4. The undisputed record in this case establishes that on April 8, 2008, Kelly had not yet decided whether he would run as an independent candidate for United States Senate. No such decision was made by Kelly until after April 15, 2008. (See Hr'g Tr. 77:23-78:2 (Sept. 19, 2008). He can neither claim nor establish that on the date the Complaint was filed he had incurred real and immediate harm (injury in fact) caused by Montana's ballot access program.

Kelly's non-decision to run as an independent candidate as of April 8, 2008, is further evidenced by the fact he had made no effort, good faith or otherwise, to comply with the statutory program for placement of his name on the ballot. No petition for nomination as required by Mont. Code Ann. § 13-10-501 had been submitted to the Secretary of State. (See Defendant's Stipulated Facts at 4 (Sept. 19, 2008).) No signatures of qualified electors had been submitted as required under Mont. Code Ann. § 13-10-502, (See Hr'g Tr. 48:15-17, 67:5-11

(Sept. 19, 2008).), and the filing fee specified in Mont. Code Ann. § 13-10-202(3) which Kelly acknowledged he could have paid, had not been tendered. (See Hr'g Tr. 49:20-50:3 (Sept. 19, 2008).)[2]

Dreyer's claim of standing to challenge Montana's Ballot-access program as a registered voter may exist if she can show that Montana's Ballot-access program operated to restrict her constitutional right to vote for the "candidate" of her choice. See e.g., Anderson v. Celebrezze, 460 U.S. 780, 786 (1983)(supporters of independent candidate have standing to challenge Ohio ballot access laws); Bullock v. Carter, 405 U.S. 134, 143 (1972)(voter has standing to challenge constitutionality of filing fee requirement which directly affects candidate of choice). However, she lacks standing in this case because, as discussed above, Kelly was not a candidate and had not decided to become a candidate for United States Senate when the Complaint was filed. A voter lacks standing when she

---

[2] Kelly's allegation in the Complaint that he "desire[d] to run as an independent or minor-party candidate for United States Senate" in 2008 does not preclude summary judgment in favor of the Defendant. While general factual allegations of injury in fact may suffice to establish standing at the pleading stage, such allegations do not suffice at the summary judgment stage. Dep't of Commerce v. United States House of Representatives, 525 U.S. 316, 329 (1999); Lujan, 504 U.S. at 561. At the summary judgment stage, a plaintiff must support his allegation of injury in fact by specific facts. Snake River Farmers' Ass'n, Inc. v. Dep't of Labor, 9 F.3d 792, 795 (9th Cir. 1993). Kelly's testimony under oath on September 19, 2008, that he had not yet decided whether he would run as an independent candidate for United States Senate as of April 8, 2008, and his complete lack of effort, prior to April 8, 2008, to comply with the statutory program for placement of his name on the 2008 ballot, establishes that the injury in fact element did not exist on the date the Complaint was filed.

fails to identify a specific candidate adversely affected by the challenged legislation. See Miyazawa v. City of Cincinnati, 45 F.3d 126, 127-28 (6th Cir. 1995).[3]

## CONCLUSION

Neither Plaintiff has standing to invoke this Court's jurisdiction.

## ORDER

1. Defendant's Motion for Summary Judgment[4] is GRANTED.

2. Plaintiffs' Motion for Summary Judgment[5] is DENIED.

3. The Clerk is directed to enter judgment accordingly.

DATED this 3rd day of February, 2010.

SAM E. HADDON
United States District Judge

---

[3] Consideration of the constitutional challenges to Montana's ballot-access program is unnecessary.

[4] Document No. 70

[5] Document No. 67